UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWIN HALL,

       Petitioner,                                  Case Number 10-CV-10438
                                                      Honorable Thomas L. Ludington

v.

THOMAS BELL,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Edwin Hall was charged with felonious assault in violation of Michigan Compiled Laws § 750.82. A jury trial was held in Michigan state court in 2007. At trial, the prosecution introduced evidence that before Petitioner was arrested he was summoned to the police station and asked to give a written witness statement but left without doing so. The jury convicted Petitioner. He was sentenced to a term of eighteen to seventy-two months in prison.

Petitioner now seeks habeas relief in this Court, contending that the use of his pre-arrest silence as substantive evidence of guilt violated his constitutional rights.

Petitioner is correct that several federal courts of appeals, including the Sixth Circuit, have concluded that the prosecution's use of pre-arrest silence as substantive evidence of guilt violates a defendant's right to silence. *See Combs v. Coyle*, 205 F.3d 269, 282–83 (6th Cir. 2000) (collecting cases). Several others, however, have reached the opposite conclusion. *Id*. And the Sixth Circuit cautions, "The constitutionality of using a defendant's pre-[arrest] silence as substantive evidence of guilt has not been addressed by the Supreme Court." *Hall v. Vasbinder*, 563 F.3d 222, 232 (6th Cir. 2009) (brackets omitted) (quoting *Jones v. Trombley*, 307 F. App'x 931, 933 (6th Cir. 2009)).

This Court is generally required to follow the holdings of the Sixth Circuit. Consequently, had Petitioner stood trial in this Court, the Court would have been obligated to apply the holding of *Combs* that "the use of a defendant's prearrest silence as substantive evidence of guilt violates the Fifth Amendment's privilege against self-incrimination. 205 F.3d at 283. On habeas, however, a different standard applies.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides in pertinent part that a federal court may grant habeas relief only if the state's adjudication of an issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As the Sixth Circuit explains, "AEDPA expressly limits the source of law to cases decided by the United States Supreme Court." *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000) (citing § 2254(d)); *see Hall*, 563 F.3d at 232 (noting that *Combs* was decided "under a pre-AEDPA, de novo standard of review" and is thus "not controlling" under an AEDPA standard of review). Moreover, the Supreme Court cautions that the writ should issue only in cases "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

As the circuit split illustrates, the Supreme Court has not clearly established that the prosecution's use of pre-arrest silence as substantive evidence of guilt violates the constitutional right to silence. There is more than a possibility that fairminded jurists could disagree about the correctness of the state court's holding; there is actual disagreement on the issue. This Court therefore lacks the authority to apply the rule announced in *Combs*. Required to apply the clearly established holdings of the Supreme Court, and only those holdings, this Court must deny the relief sought in the petition for a writ of habeas corpus.

# I

The facts relied upon by the Michigan Court of Appeals are presumed correct on habeas review.  28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).  In pertinent part, those facts are:

> The complainant testified that she and defendant argued because she would not sit next to him.  She asked him to leave.  He went outside and tried to take their dog.  She started running after the dog and felt "something like hurt her arm, like it felt like a whip," but did not see anything.  She turned and defendant was running away.  She called 911.  The recording of her call was played for the jury.  A photograph of her injury and her statement to the police was also admitted.
>
> Joshua Baughman, defendant's roommate and a friend of both defendant and the complainant, did not see defendant strike the complainant, but heard the sound of a slap.  When Baughman turned, he saw defendant running from the complainant.  Defendant asked Baughman to check on her.  She was conversing on the phone.  She was crying and appeared upset.  When Baughman asked her if she was okay, she responded, "Does this look like I'm okay?" and displayed a black mark on her arm.
>
> Deputy Sheriff Weir arrived at the scene and the complainant told him that defendant struck her with a belt.  Weir observed bruising, redness, and a break in the skin.  Efforts to contact defendant to interview him were unsuccessful.  At some point, defendant came in on his own.
>
> Defendant argues that the prosecution violated his due process rights by introducing evidence that he failed to complete and return a written statement to police before his arrest.  Defendant bases this claim of error on the following exchange:
>
> > *Q.* Do you know whether the defendant was given an opportunity to give you, as the officer-in-charge, his side of this?
> >
> > *A.* Yes, sir.
> >
> > *Q.* Tell me about that.
> >
> > *A.* Mr. Hall came into the substation in Addison Township.  There was a detective/sergeant and a deputy on duty, at which time Mr. Hall was given a written witness statement form and asked to provide a statement.  And he left and never returned with the statement.

> *Q.* So he took the witness statement, the blank witness statement and just left the building?
>
> *A.* Yes, sir.
>
> *Q.* Did you ever hear from him since that time?
>
> *A.* No, sir.

*People v. Hall*, No. 283217, 2009 WL 763825, at *1 (Mich. Ct. App. Feb. 24, 2009) (per curiam) (quotation marks, brackets, and ellipsis omitted).  Petitioner did not testify at trial.

The jury convicted Petitioner of felonious assault.  He was sentenced to a prison term of eighteen to seventy two months.

Petitioner filed a direct appeal in the Michigan Court of Appeals asserting that the prosecution violated Petitioner's due process rights by using his pre-arrest silence as substantive evidence of guilt.  Affirming Petitioner's conviction in a per curiam opinion, the court of appeals wrote: "The defendant's right to due process is implicated only where his silence is attributable to either an invocation of his Fifth Amendment right or his reliance on the *Miranda* warnings. There is no indication that defendant invoked his right to silence in the present case."  *Hall*, 2009 WL 763825, at *1 (citations and quotation marks omitted) (quoting *People v Solmonson*, 683 N.W.2d 761 (Mich. Ct. App. 2004), and citing *People v Dunham*, 559 N.W.2d 360 (Mich. Ct. App. 1996)).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which denied the application in a standard order.  *People v. Hall*, 769 N.W.2d 718 (Mich. 2009) (unpublished table op.).

On June 2, 2010, Petitioner sought habeas relief in this Court.  ECF No. 1.[1]

---

[1] Petitioner was discharged from his sentence on August 17, 2011.  The Court retains jurisdiction under *Gentry v. Deuth*, 456 F.3d 687, 693–95 (6th Cir. 2005) (noting "that the appropriate remedy for a writ of habeas

-4-

**II**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court can order habeas relief only if the state's adjudication of an issue:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  In applying these standards, the court must examine the holdings of the Supreme Court as they existed at "the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to . . . clearly established Federal law," the Supreme Court explains, "if the state court applies a rule that contradicts the governing law set forth in our cases." *Id.* at 405.

The Supreme Court cautions, however, that an unreasonable application of federal law is different from an incorrect application of federal law.  Unanimously emphasizing the limited nature of this review in *Harrington v. Richter*, 131 S. Ct. 770 (2011), the Court wrote: "If this standard is difficult to meet, that is because it was meant to be. . . .  It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther." *Id.* at 786.

**III**

Petitioner's application for habeas relief asserts a single claim.  Specifically, Petitioner asserts that "the prosecutor violated [Petitioner's] due process rights and used [Petitioner's] pre-arrest silence as substantive evidence of guilt by introducing evidence that [Petitioner] failed to

---

corpus issued pursuant to an unlawful criminal conviction includes relief not only from the conviction's *direct* consequences (*e.g.* incarceration), but also from its *collateral* consequences").

complete and return a written statement to police before arrest.  Furthermore, defense trial counsel was constitutionally ineffective in failing to object."  Pet'r's § 2254 Pet. 3, ECF No. 1.

Petitioner is correct as factual matter.  The prosecution did in fact introduce evidence that prior to his arrest Petitioner refused to provide a written witness statement.  Petitioner is also correct that the prosecution introduced this evidence at trial as substantive evidence of Petitioner's guilt.  Put more simply,  Petitioner is not correct, however, that as a matter of law he is entitled to habeas relief because of the prosecution's use of Petitioner's pre-arrest silence against him.

"No person," the Fifth Amendment guarantees, "shall be compelled in any criminal case to be a witness against himself."  This fundamental right applies to a defendant in a state court proceeding under the Fourteenth Amendment.  *Griffin v. California*, 380 U.S. 609, 615 (1965); *see generally* Aklil Reed Amar, *The Constitution and Criminal Procedure* ch. 2 (Yale 1997) (providing historical analysis of the Fifth Amendment, "an unsolved riddle of vast proportions, a Gordian knot in the middle of our Bill of Rights").

"The general rule of law is that once a defendant invokes his right to remain silent, it is impermissible for the prosecution to refer to any Fifth Amendment rights which defendant exercised."  *Combs v. Coyle*, 205 F.3d 269, 281 (6th Cir. 2000) (quoting *Coppola v. Powell*, 878 F.2d 1562, 1568 (1st Cir. 1989)).  That is, "a defendant's decision to remain silent cannot be used as substantive evidence of guilt."  *Hall v. Vasbinder*, 563 F.3d 222, 232 (6th Cir. 2009) (citing *Griffin*, 380 U.S. at 615).

The scope of this general rule, however, is not clearly established.  "This rule clearly applies to a defendant's silence after the defendant actually invokes the right to remain silent [post-*Miranda* warning]," the Sixth Circuit observes, but cautions: "The constitutionality of

using a defendant's pre-*Miranda* silence as substantive evidence of guilt has not been addressed by the Supreme Court." *Hall*, 563 F.3d at 232 (brackets and quotation marks omitted) (quoting *Jones v. Trombley*, 307 F. App'x 931, 933 (6th Cir. 2009)). More precisely, the issue has never been *decided* by the Supreme Court.

In *Jenkins v. Anderson*, 447 U.S. 231 (1980), the Court declined to decide the issue, observing: "Our decision today does not consider whether or under what circumstances prearrest silence may be protected by the Fifth Amendment." *Id*. at 236 n.2; *see Combs*, 205 F.3d at 281 (noting that the issue has been left open by the Supreme Court).

Moreover, the federal courts of appeals have split over the issue — several hold that using pre-arrest silence as substantive evidence of guilt violates the privilege against self-incrimination; several others hold that it does not. *Compare Combs*, 205 F.3d at 282–83 (holding that using pre-arrest silence as substantive evidence of guilt violates the privilege against self-incrimination); *United States v. Burson*, 952 F.2d 1196, 1201 (10th Cir. 1991) (same); *Coppola*, 878 F.2d at 1568 (same); *United States ex rel. Savory v. Lane*, 832 F.2d 1011, 1017 (7th Cir. 1987) (same); *with United States v. Oplinger*, 150 F.3d 1061, 1066–67 (9th Cir.1998) (holding that using pre-arrest silence as substantive evidence of guilt does not violate the privilege against self-incrimination); *United States v. Zanabria*, 74 F.3d 590, 593 (5th Cir. 1996) (same); *United States v. Rivera*, 944 F.2d 1563, 1568 (11th Cir. 1991) (same); *see generally* Andrew J. M. Bentz, Note, *The Original Public Meaning of the Fifth Amendment and Pre-Miranda Silence*, 98 Va. L. Rev. 897, 898, 908–21 (2012) (observing that the issue divides both federal courts of appeals and state courts, providing originalist analysis supporting author's assertion that the evidence should not be admissible); Michael J. Hunter, *The Man on the Stairs Who Wasn't There: What Does a Defendant's Pre-Arrest Silence Have to Do with Miranda, the*

*Fifth Amendment, or Due Process?*,  28 Hamline L. Rev. 277,  280, 291–307, 309 (2005) (providing review of circuit split and asserting that the evidence should be admissible).

AEDPA, as noted, narrowly circumscribes this Court's review to the "clearly established" holdings of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  The writ may issue only if the state court's application of clearly established federal law is "objectively unreasonable."  *Id*. at 410.  Moreover, the Supreme Court instructs, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court."  *Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009) (quotation marks omitted) (quoting *Wright v. Van Patten*, 552 U.S. 120, 123 (2008)).  Rather, the Court explains, habeas relief is only appropriate "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

In sum, the Supreme Court has not clearly established that the prosecution's use of pre-arrest silence as substantive evidence of guilt violates the privilege against self-incrimination. Fairminded jurists of the federal courts of appeals have disagreed on the issue.  Required to apply only the clearly established holdings of the United States Supreme Court, this Court must deny the relief sought in the petition for a writ of habeas corpus.

## IV

A certificate of appealability is required for a habeas petitioner to take an appeal to the court of appeals.  28 U.S.C. § 2253(c)(1).  "A certificate of appealability may issue," § 2253 provides in pertinent part, "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits," as in this case, "the showing required to satisfy § 2253(c) is straightforward: The

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000). That is, a court may issue a certificate of appealability only if the habeas petitioner makes "a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotation marks omitted) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

In this case, Petitioner has not demonstrated that reasonable jurists would find the Court's assessment of Petitioner's habeas claim debatable or wrong. As noted, reasonable jurists could (and, in fact, do) debate whether using pre-arrest silence as substantive evidence of guilt violates the privilege against self-incrimination. The circuits are split on the issue. But no reasonable jurist could conclude that the Supreme Court has definitely answered this question. Rather, the Court has (to date) declined to decide the issue. Accordingly, a certificate of appealability is not warranted in this case.

The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V**

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is

**DENIED**.

Dated: August 3, 2012

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney of record herein by electronic means and upon
Edwin Hall, #661439 at Gus Harrison Correctional Facility, 2727 E.
Beecher Street, Adrian, MI 49221 by first class U.S. mail on August 3,
2012.

s/Tracy A. Jacobs
TRACY A. JACOBS